

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John S. Rudd, Jr.
Acting Director
Teacher Retirement System of Texas
Austin, Texas

Dear Sir:

Opinion No. O-3512

Re: Status of persons who were
employed as reserve teachers
at the time of the establish-
ment of the Teacher Retirement
System.

From your letter of August 13, 1941, and attached exhibits, we obtain the following facts: Since July, 1935, until the present time the Board of Trustees of the Fort Worth Independent School District has contracted with certain individuals as reserve teachers and has given to such persons contracts to serve as reserve teachers. Such reserve teachers, under the terms of their contracts, are and have been subject to call and assignment by the Superintendent of Schools at any time during the period of such contracts. It seems apparent that they do not serve regularly but some or most of them are called from time to time for limited duties and assignment. Their salaries seem to be considerably less than the salaries of regular teachers, running approximately one-third to one-half as much. You have requested our opinion in response to the following four questions:

"1. Is a contract executed on the form of Notice and Contract as enclosed in Mr. Green's letter of June 26, 1941, copy of which is attached hereto, a valid and enforceable contract?

"2. Would the Board of Trustees be carrying out the intent of the Retirement Law and would it be legally proper if the Board ruled that a person under contract as a reserve teacher with the Fort Worth Independent School District and who received the payments stipulated in such contract should be considered as a teacher within the meaning of the Teacher Retirement Act for the period

438

while employed under such contract, regardless of the extent of duties, if any, actually rendered by such person under such contract?

"3. Would the Board of Trustees be carrying out the intent of the Retirement Law and would it be legally proper if the Board ruled that a person under contract as a reserve teacher with the Fort Worth Independent School District and who received the payments stipulated in such contract should not be considered as a teacher within the meaning of the Teacher Retirement Act for the period while employed under such contract, regardless of the extent of duties, if any, actually rendered by such person under such contract, and that all contributions heretofore received which were based on salaries paid to a person while employed as a reserve teacher in the Fort Worth Independent School District were not eligible contributions, and were accepted by the Retirement System contrary to the provisions of the law and should be returned to the persons who made the same?

"4. Would the Board of Trustees be carrying out the intent of the Retirement Law and would it be legally proper if the Board ruled that a person under contract as a reserve teacher with the Fort Worth Independent School District and who received the payments stipulated in such contract should be considered as a teacher within the meaning of the Teacher Retirement Act while employed under such contract, provided such person actually and physically performed duties and rendered service to the extent that the Board of Trustees shall prescribe by regulation as being necessary for a person in such classification to be considered as a teacher within the meaning of the Teacher Retirement Act?"

You have attached to your letter a form copy of such contracts and it appears therefrom that the contract is for a reserve teacher to serve for a particular period of time, that he will at all times during said period be subject to call by the Superintendent of Schools, who should assign his duties in the event his services should be needed. The salary is fixed and is payable monthly. As we understand, the only question troubling you with reference to the contract is whether a contract can be made legally for a reserve teacher,

Honorable John S. Rudd, Jr., Page 3

that is, one who is to serve only when called upon to do so. Our answer to your first question will comprehend this problem alone. As to any other questions which might be raised we shall assume the contract to be valid.

It goes without saying that there are occasions in all schools when teachers are necessarily absent from their regular duties, from illness or other causes, such absences sometimes being of considerable duration. The trustees having the power to employ the regular teacher in the first instance would have the power to employ a substitute during the period of such a necessary absence. No statute prescribes any particular method of providing for such substitutes. In large school systems, such as that in Fort Worth, it may well be that the best method of providing for such emergencies is the one adopted by the Fort Worth Board of Trustees. But, whether it is the wisest method or not, it is the one chosen by the body whose duty it is to provide teachers for the District. In our opinion the method thus chosen is a legally proper one and such contracts for "reserve teachers" may be entered into legally.

May a person holding such a reserve teacher's contract and performing such duties as are required of him under the terms of the contract be considered a teacher within the meaning of the Act creating the Teacher Retirement System, being Article 2922-1, Vernon's Annotated Civil Statutes?

Sections 1(3), 3(1), 3(2), 3(5), 4(1), 4(2), 4(3), 4(4), and 6(7) of said Act, read:

"Section 1. (3) 'Teacher' shall mean a person employed on a full time, regular salary basis by boards of common school districts, boards of independent school districts, county school boards, Retirement Board of Trustees, State Board of Education and State Department of Education, boards of regents of colleges and universities, and any other legally constituted board or agency of an educational institution or organization supported wholly or partly by the State. In all cases of doubt, the Retirement Board of Trustees, hereinafter defined, shall determine whether a person is a teacher as defined in this Act. A teacher shall mean a person rendering service to organized public education in

Honorable John R. Rudd, Jr., Page 4

professional and business administration and super-
vision and in instruction, in public schools as
defined in Subsection (2) of this Section."

"Sec. 3. The membership of said Retirement
System shall be composed as follows:

"(1) All persons who are teachers on the date
as of which the Retirement System is established
shall become members as of that date as a condition
of their employment unless within a period of nine-
ty (90) days after September 1, 1937, any such
teacher shall file with the State Board of Trustees
on a form prescribed by such Board, a notice of his
election not to be covered in the membership of the
System and a duly executed waiver of all present
and prospective benefits which would otherwise inure
to him on account of his participation in the Re-
tirement System.

"(2) Beginning September 1, 1938, and there-
after any teacher teaching for the first time in
Texas shall become a member of the Retirement
System as a condition of his employment.

". . .

"(5) Anyone who has taught in the State of
Texas in accordance with the terms of this Act, but
who is not in service during the year in which the
Act becomes effective, shall, if he becomes a
teacher within two (2) years of the date on which
this Act becomes effective, and if he continues
as such for a period of five (5) consecutive years,
be entitled to receive credit and resulting bene-
fits for prior-service as provided for in this
Act."

"Sec. 4.

"(1) Under such rules and regulations as the
State Board of Trustees shall adopt each person
who was a teacher, as defined in this Act, at any
time during the year immediately preceding the
establishment of the System, and who becomes a
member during the first year of operation of the
Retirement System, or who is a member at the begin-
ning of the school year 1937-1938, shall file a

Honorable John S. Rudd, Jr., Page 5

detailed statement of all Teacher service, as a teacher, rendered by him prior to the date of establishment of the Retirement System for which he claims credit."

"(2) The State Board of Trustees shall fix and determine by appropriate rules and regulations how much service in any year is equivalent to one year of service, but in no case shall more than one year of service be creditable for all service in one school year.

"(3) Subject to the above restrictions and to such other rules and regulations as the State Board of Trustees may adopt, the State Board of Trustees shall verify and adjust, as soon as practicable after the filing of such statements of service, the service therein claimed.

"(4) Upon adjustment and verification of the statements of service, the State Board of Trustees shall issue prior-service certificates certifying to each member the length of Texas service rendered prior to the date of the establishment of the Retirement System, with which he is credited on the basis of his statement of service. So long as membership continues, a prior-service certificate shall be final and conclusive for retirement purposes as to such service, provided, however, that any member may, within one (1) year from the date of issuance or modification of such certificate, request the State Board of Trustees to modify or correct his prior-service certificate.

"When membership ceases, such prior-service certificate shall become void. Should the employee again become a member, such a person shall enter the System as a member not entitled to prior-service credit except as provided in Section 5, subsection (5), paragraph (b) of this Act."

"Sec. 6. State Board of Trustees.

"(7) Subject to the limitations of this Act, the State Board of Trustees shall, from time to time, establish rules and regulations for eligibility of membership and for the administration

Honorable John S. Rudd, Jr., Page 6

of the funds created by this Act and for the transaction of its business."

The rule-making power of the State Board of Trustees is especially noted in Sections 4(2) and 6(7), quoted above. Among various rules made by the Board on November 5, 1937, we find Numbers 3 and 7 reading as follows:

"3. It was moved by Mr. Mills that a teacher, in order to establish credit for prior-service must fall within one of the three following classifications:

"(a) Anyone who has taught in the State of Texas prior to the establishment of the System, but who is not teaching during the school year 1937-38 shall, if he secures employment before July 1, 1939, and if he continues teaching for a period of five (5) consecutive years be entitled to receive credit for prior-service.

"(b) Anyone who is a member at the beginning of the school year 1937-38, i.e., anyone who is regularly employed as a teacher at the beginning of the school year 1937-38 and who begins contributing and pays his membership fee to the System from his first compensation for the year, regardless of when he was last employed as a teacher in Texas shall be entitled to receive credit for prior-service.

"(c) Anyone who was a teacher at any time during the school year 1936-37 and who becomes a member during the school year 1937-38 shall be entitled to receive credit for prior-service."

"7. Mr. Mills moved that a person who taught for at least 4½ months or the full school term during the last school year could establish his prior-service credit if he taught for any length of time during the school year 1937-38 at a regular salary on full-time employment and made membership contributions. Motion was seconded by Miss Wood and carried."

We note that Rule 7 goes considerably further than Rule 3(c). The latter would admit of the establishment of

prior service by a person becoming a member during 1936-37, if he was a teacher "at any time during the school year 1936-37", but Rule 7 requires that he show that he taught for "at least 4½ months or the full school term" for that year. Rule 3(c) is in the language of the Act. Section 4(1) of Article 2922-1, quoted above. We are not here called upon to say whether the Board exceeded the limits of its power in making Rule 7. Even though that rule be conceded to be valid for general application, exceptions thereto could be made.

A reading of correspondence attached to your request discloses that holders of such reserve teacher contracts, some dating as early as 1935, sought to enter the System at its inception and to obtain prior service credit. Apparently they, or at least some of them, had not actually taught 4½ months during 1936-37, so as to have fallen strictly within the requirement of Rule 7. The administrative officers of the System evidently considered them to be teachers, within the Act. From your letter we quote:

"The Fort Worth Independent School District has been making deductions of five per cent of the salary payments to such reserve teachers and has been forwarding such deductions to the Teacher Retirement System monthly on their regular Monthly Reports of Members' Deductions. The Teacher Retirement System has opened accounts for such reserve teachers, has assigned membership numbers to such teachers, and has accepted the five per cent contributions of such teachers and has credited such contributions to the accounts of such teachers."

From exhibits attached to your letter we also infer that credit for prior service has been given such reserve teachers by the administrative officers and employees of the System although they occupied the same status during 1936-37. However, you also advise us that the Board itself has not as yet made or entered any formal rule or order bearing on this question, except perhaps as the same might be affected by Rules 3(b), 3(c) and 7, quoted above. Nor have prior service certificates been issued.

Honorable John S. Rudd, Jr., Page 8

We refer to the definition of a "teacher" as contained in Sec. 1(3). It means "a person employed on a full time, regular salary basis". The reserve teachers under discussion are employed on a regular salary basis. They are teachers in the view that teaching is their profession. While they are not employed on a full time basis in the sense of being actually required to teach every day, they are employed full time in the sense that they must hold themselves in readiness to serve at any and all times.

For general application in the Act, we think the Board could, if it should so desire, accept the holders of such reserve teacher contracts as members in the System, without reference to the question of actual teaching under the contract, or the amount thereof. Such a liberal policy as that, however, might at some time be abused. Contracts might be written and signed, not with the view of a school's obtaining teacher services, but with the real and only purpose of providing color of compliance and securing membership or benefits to persons not actually entitled to the same. Under the rule making power of the Board, in particular as given in Sections 1(3) and 6(7), it is our opinion that a person holding such a reserve teacher's contract may be required to show actual teaching on his part as a requisite to his being considered a teacher within the Act. Just how much actual teaching in any given year may be required to establish him as a teacher is a question we cannot answer in days or months. We can only say that in drawing this line the Board must stay within the vague limitations of "reasonableness".

To avoid misunderstanding, we will give separate consideration to the question of whether a person who became a member during 1937-38 must have engaged in any actual teaching, or how much he must have taught, during the 1936-37 year in order to establish credit for prior service. That year, 1936-37, may be termed the key year. However, this point should be kept in mind: in order for such a teacher to establish prior service he is not required to have rendered a creditable year's service in 1936-37, nor is he required to have been a teacher a whole year. It will be sufficient for him to show that he was a teacher at any time during that year. Remembering that in case of doubt Section 1(3) gives authority to the Board to determine whether a person is a teacher as defined in the Act, it is our opinion that it lies within the province of the Board to rule that all persons holding such reserve teacher's

Honorable John S. Rudd, Jr., Page 9

contracts during the key year and drawing pay thereunder were teachers, so far as the question of establishing prior service is concerned, without reference to any question of actual teaching or the amount thereof. On the other hand, while it would also be within the discretion of the Board to require a showing of some actual teaching during the key year, if a person becoming a member during 1937-38 and who held such a reserve teacher's contract during the key year seeks credit for prior service, the Board can go no further than to require a showing of actual teaching for some length of time more than trivial.

Also, in view of the fact that the difference between being a teacher at some time and the rendition of a year's creditable service seems not to have been recognized at all times (for instance, as we understand, Rule 7 has been taken also to have the effect of prescribing the requirements of a-any-year's creditable service), we will discuss briefly the matter of making rules governing creditable service. Attention is directed to Section 4(2) of the Act. The Board is there expressly given the power to prescribe the amount of service in a given year which would constitute a year's creditable service. In formulating its rules or regulations under this Section 4(2), the Board will be dealing with a different problem than that involved in the matter of determining whether a person is a teacher or not, or whether a person was a teacher _at any time_ during the key year.

From what we have said, it follows that in our opinion the Board could rule as suggested in your second and fourth questions. Your third question cannot be answered categorically, since the answer might vary according to the extent of duties actually performed. Take for instance the holder of a reserve teacher's contract who actually taught the whole year. As a matter of law, he would be a teacher for that year, it would count a year's creditable service, and if it happened to be 1936-37, it would enable him to establish prior service, and the Board could not pass a rule which would deny it. On the other hand, suppose the person holding the contract did not render a single day's actual service and the circumstances should indicate that as a matter of fact it was not contemplated that he should. In our opinion a rule could be made which would deny his status as a teacher for all purposes during that year. Somewhere, at a reasonable place, between those extremes the Board may draw its line.

We do not believe the Board has lost its powers aforesaid as to these various teachers by reason of the fact

that the Fort Worth Independent School District has forwarded contributions and the administrative employees of the System have accepted the same and credited them to the accounts of such teachers. The mere making of the contributions would not give the teachers any vested right to the benefits provided in the Act. See, City of Dallas vs. Trammell, 101 S.W. (2d) 1009, Supreme Court. Furthermore, it is provided in Section 4(4) that "so long as membership continues, a prior-service certificate shall be final and conclusive for retirement purposes as to such service". You advise us that certificates have not issued, nor have they been directed to issue by the Board. On the other hand, it is our understanding that this opinion is sought by the Board in preparation for the issuance of certificates. Such being true the Board has not been concluded by the System's action in taking the contributions.

We trust the above will sufficiently serve your purpose.

APPROVED SEP 4, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Glenn R. Lewis

Glenn R. Lewis
Assistant

GRL:mp


APPROVED
OPINION
COMMITTEE
BY [signature]
CHAIRMAN